Peck, J.,
dissenting. I am of the opinion that when the Legislature amended Section 2945.27, Revised Code, by providing that the examination of prospective jurors be “under oath or upon affirmation,” it clearly intended that no jury could be legally impaneled without such examination having been conducted. The obvious legislative intent was to insure to litigants *481 the full protection which could be afforded only by eliminating the possibility that cause for challenge be concealed behind unsworn or unaffirmed responses to the inquiry of court or counsel concerning qualification. The effect of the decision in this case is to hold the amendment of the statute for naught in disregard of that legislative intent.
It is indicated in the majority opinion, and specifically stated in paragraph three of the syllabus, that the record in the present case does not affirmatively indicate that any false answer was given by any juror. That is .true, and it is an entirely safe assumption that no such lack of veracity in the unsworn responses of these jurors will ever become known, and it is not for us to here conjecture as to what shocking reasons for disqualification may have been developed by an examination properly conducted under the statute; it is sufficient to recognize that such disqualification may have remained hidden behind the unaffirmed answers of the talesmen.
Since in my view of the case no jury was ever legally im-' paneled, the defendant was never placed in jeopardy, and the trial court had the inherent power to declare a mistrial when the deficiency in the proceedings became known. It is, however, my further opinion that the trial court also had at that time the right to discharge the jury under the provisions of Section 2945.36, Nevised Code, which authorizes such action “for the sickness or corruption of a juror or other accident or calamity,” because obviously an accident occurred in these proceedings. Indeed, taking all the statements in the record at face value, no other occasion can be assigned as to what occurred.
This accident — or situation, if the word, “accident,” is felt inapplicable — apparently resulted from a lack of knowledge of the requirements of the amended statute on the part of all concerned, and certainly nothing in the record justifies any inference that the knowledge of defense counsel on this subject was greater than that of the court. Under such circumstances, paragraphs one and two of the syllabus emasculate the amendment of the statute.
It is significant to note that after the difficulty became known defense counsel did not refuse to waive the mandatory requirement of the law but stated that we ‘ ‘ cannot and will not attempt ’ ’ *482 to make such waiver. I concur in the thought that counsel could not have effectively waived this mandatory requirement and am of the opinion that at that stage of the proceedings counsel could not, by a vain attempt by waiver or otherwise, have breathed life into a proceeding which had never legally commenced.
None of the cases cited in the majority opinion, which deal with such later discovered defects as the incompetence of a jur- or, are controlling in the present situation where the jurisdictional deficiency was patent on the record from the instant of its occurrence.
Matthias and Bell, JJ., concur in the foregoing dissenting opinion.